IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | *    Criminal No. **PJM 01-0097** |
| | * |
| **D'ANGELO DUNLAP,** | * |
| | * |
| Defendant. | * |

## MEMORANDUM OPINION

D'Angelo Dunlap asks the Court to reconsider its denial of his Motion for Compassionate Release and sentence him to time served, citing the COVID-19 pandemic and his precarious health. For the reasons set forth below, his Motion for Reconsideration is **DENIED**.

### I.

On August 28, 2020, the Court denied Dunlap's Motion for Compassionate Release after finding that he failed to demonstrate extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A). The Court determined that Dunlap's medical conditions did not present an immediate risk of severe complications were he to contract COVID-19. The Court also found that, even if Dunlap's health met the necessary threshold, the factors enumerated in 18 U.S.C. § 3553(a) counseled against his release. As stated in the Court's Memorandum Opinion:

> [Dunlap] has a history of being released from prison, then immediately sinking back into drugs and committing robberies. In this case, in 2015, he committed three robberies within a year of finishing a 188 month term of incarceration. In 2000 he was released after serving 39 months in prison and committed four robberies less than a year later. Dunlap argues that, because he has been incarcerated for nearly 20 years with the exception of ten months, continued incarceration is not necessary to protect the community. But the fact that he has been incarcerated for that long means little because whenever he has been released, Dunlap almost immediately reverts to the same crimes that led to his incarceration.

> For these reasons, the Court finds that re-affirming the full 24 month sentence of incarceration reflects the seriousness of Dunlap's offense, promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct. During the hearing on his violations of supervised release, the Court sentenced Dunlap to the statutory maximum under 18 U.S.C. § 3583(e)(3) for these very reasons. This rationale holds, wholly apart from the COVID-19 pandemic.

ECF No. 39 at 10-11. The Court carefully considered the § 3553(a) factors and determined that each weighs heavily against a reduced sentence.

## II.

Dunlap's Motion for Reconsideration is premised upon two recent developments: (1) the District of Columbia's grant of compassionate release; and (2) his declining health. Neither basis persuades this Court that Dunlap should be released.

The District of Columbia's decision to release Dunlap does not move the needle. In that case, additional medical records—that apparently were not made available in this proceeding—demonstrated that Dunlap's health qualified as an extraordinary and compelling circumstance. Dunlap's Motion for Reconsideration makes much of that finding. However, even if this Court agreed with the District of Columbia's determination, it would ultimately be of little consequence. To secure release, Dunlap must show that such relief is consistent with the § 3553(a) factors. That he cannot do.

The relevant factors have not changed. As this Court previously noted, Dunlap's penchant for committing crimes immediately upon release from prison precludes granting him the relief he seeks. Accordingly, the Court re-affirms Dunlap's 24-month sentence.

Dunlap also represents that his health has worsened since he originally moved for compassionate release. In a supplemental submission mailed to the Court, Dunlap claims to have tested positive for COVID-19 at FCI Schulkill and that he has not received adequate care. Among the description of his symptoms, Dunlap is purportedly "experiencing temperatures of 99.1, 96.2,

97.2, 97.9, 98.2 and 99.7," "tremendous body pains, constant chills, breathing problems, [and] constant bowel movement." ECF No. 46 at 3. While this characterization of Dunlap's health is concerning, it does not overcome the goals of sentencing: to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Ultimately, even in light of his health, the ends of justice are better served by requiring Dunlap to complete his sentence. During his incarceration, this Court expects the Bureau of Prisons to provide Dunlap with the necessary care his conditions may demand.

### III.

Accordingly, Dunlap's Motion for Reconsideration is **DENIED**.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

January 5, 2021